UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. KELLEY, JR., | CASE NO: 1:11-cv-00477-GBC (PC) |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE REGARDING THREE STRIKES |
| SOTO, et al., | |
| Defendants. | THIRTY DAY DEADLINE |

**ORDER**

Patrick D. Kelley, Jr. ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 8, 2011. (ECF No. 6.) Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 5.) This action proceeds on Plaintiff's Complaint, which has not yet been screened by this Court. No other parties have appeared.

Plaintiff brings this civil rights action against Defendants A. Zepp-Do, Soto, Vasquez, and Fernado. Plaintiff alleges deliberate indifference to his serious medical need in violation of the Eighth Amendment.

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed three or more actions that were dismissed for failing to state a claim upon which relief may be granted.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions count as strikes under Section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that Plaintiff has had three prior actions dismissed for failing to state a claim for which relief can be granted under Section 1983. Those cases are: Kelley v. Donahoo, 2:03-cv-01566-FDC-PAN (PC) (E.D. Cal.) (dismissed by Order dated February 2, 2004 for failure to state a claim), Kelley v. Ferguson, 1:07-cv-00082-AWI-WMW (PC) (E.D. Cal.) (dismissed by Order dated September 20, 2007 for failure to state a claim), Kelley v. Peeler, 1:07-cv-00081-SMS (PC) (E.D. Cal.) (dismissed by Order dated March 19, 2009 for failure to state a claim).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it counts as a strike. See Andrews, 398 F.3d at 1121; see also O'Neal v. Price, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under Section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint is frivolous, malicious, or fails to state a claim, and then subsequently terminates the complain.)

It appears to the Court that Plaintiff has three or more strikes and became subject

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." Andrews, 398 F.3d at 1116 n.1.

to Section 1915(g) well before Plaintiff filed this action on March 8, 2011. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury. Because Plaintiff has on three prior occasions brought civil actions that have been dismissed for failure to state a claim, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE, within thirty (30) days of the date of service of this Order, why the abovementioned actions do not count as "strikes" under 28 U.S.C. § 1915(g), why the Court should not deny Plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915(g), and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee in full; and

2. Plaintiff's failure to respond to this Order to Show Cause will result in dismissal of this action for failure to obey a Court Order pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   May 23, 2011

UNITED STATES MAGISTRATE JUDGE