UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK D. KELLEY JR., | CASE NO. 1:11-cv-00477-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS, DISMISSING CASE WITHOUT PREJUDICE, AND VACATING THE ORDER TO RESUBMIT IN FORMA PAUPERIS APPLICATION |
| v. | |
| SOTO, et al., | |
| Defendants. | (ECF Nos. 1 & 7) |
| | / CLERK TO CLOSE CASE |

**<u>ORDER</u>**

Plaintiff Patrick D. Kelley, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 8, 2011. (ECF No. 6.) Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 5.) This action proceeds on Plaintiff's Complaint, which has not yet been screened by this Court. No other parties have appeared.

Plaintiff requests that he be allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 1.) Noting that this request was insufficient, the Court ordered Plaintiff to resubmit an application. (ECF No. 7.) He has not responded to that request. After a review of the record of actions filed by Plaintiff in the United States District Court, it was revealed that Plaintiff has filed three or more actions that were dismissed for failure to state a claim upon which relief may be granted, which could subject him to Section

1915(g)'s three strike rule.[1]  The Court issued an Order to Show Cause ordering Plaintiff to show cause why he did not meet the three-strike criteria, why the Court should not deny Plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915(g), and why the action should not be dismissed without prejudice to allow refiling with the submission of the $350.00 filing fee in full. (ECF No. 8.)  Plaintiff was given thirty days to respond.  In that Order, the Court also took judicial notice of three prior actions dismissed for failure to state a claim for which relief can be granted under Section 1983:  Kelley v. Donahoo, 2:03-cv-01566-FDC-PAN (PC) (E.D. Cal.) (dismissed by Order dated February 2, 2004 for failure to state a claim), Kelley v. Ferguson, 1:07-cv-00082-AWI-WMW (PC) (E.D. Cal.) (dismissed by Order dated September 20, 2007 for failure to state a claim), Kelley v. Peeler, 1:07-cv-00081-SMS (PC) (E.D. Cal.) (dismissed by Order dated March 19, 2009 for failure to state a claim).

        Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

        The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff states that his wheelchair was taken, that he was removed from DPW status, and that his medications were discontinued.  However, he also states that the

---

[1] "This subdivision is commonly known as the 'three strikes' provision.  'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.'  Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]."  Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

2

wheelchair was returned to him and that he was again placed on DPW status. Apparently, his medications were not resumed along with his status; however, while Plaintiff states that he is in pain, he does not state why or offer any other description of the pain or cause of the pain. The Court also notes that he made no request for any kind of injunctive relief in relation to the medication or otherwise. If Plaintiff truly believed he was in imminent danger of physical injury, he presumably would have sought an injunction. See Young v. Parks, 2009 WL 1371811, *2 (E.D.Cal. May 15, 2009). Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis in this action is DENIED;

2. This action is DISMISSED WITHOUT PREJUDICE to refiling with the submission of the $350.00 filing fee in full;

3. Clerk to VACATE Order requiring Plaintiff to resubmit in forma pauperis application materials; and

4. Clerk to close case.

IT IS SO ORDERED.

Dated: June 6, 2011

_____
UNITED STATES MAGISTRATE JUDGE